STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-03-129
JLH-PEN-12/2/2004

FILED & ENTERED
SUPERIOR COURT
DEC 02 2004
PENOBSCOT COUNTY

Mark D. Arsenault et al.,
Plaintiffs

v.

Order (Plaintiffs' Motion to
Alter or Amend Judgment)

People's Heritage Bank, N.A.,
Defendant

DEC 7 2004

The plaintiffs have moved to vacate a portion of the order entered on the their motion for partial summary judgment. As set out more fully in that order, the court concluded that significant portions of the plaintiffs' statement of material fact were not supported by a record that satisfied the requirements of M.R.Civ.P. 56(e). Thus, those statements were stricken, and the residue of the plaintiffs' assertions did not establish that they were entitled to partial judgment as a matter of law. As part of its response to the plaintiffs' motion, the defendant – without filing a cross-motion for summary judgment – nonetheless requested that summary judgment be entered in *its* favor, as rule 56(c) authorizes the court to do. In the motion now at bar, the plaintiffs contend that, irrespective of the order denying their own motion for summary judgment, entry of summary judgment in favor of the defendant works an unfair prejudice to them. For the reasons set out below, this argument requires consideration of two questions: first, whether the entry of summary judgment for the defendant was proper based on the assertions submitted by the plaintiffs and the defendant's responses to those assertions; and second, independent of those filings, whether the defendant is entitled to summary judgment based on its statement of additional material facts, when examined in light of the plaintiffs' response to that submission. The court concludes that the parties' filings and the process that this motion followed did not provide a fair or proper basis for entry of summary judgment in favor of the defendant.

1

Here, the record basis for many of the plaintiffs' core assertions embodied in their statement of material fact was defective for formal reasons. In opposing the plaintiffs' motion, the defendant argued this very point. The plaintiffs do not seek relief from that part of the resulting order striking those assertions, and the inadequacies of the record based on those unsupported assertions preclude a finding that the plaintiffs are entitled to judgment as a matter of law. The next question, however, is whether that same lapse in proof means that judgment should be entered against the plaintiffs when they are the moving parties and when the defendant chose not to file a cross-motion to summary judgment. As the plaintiffs argue here, the format for summary judgment motion practice did not allow them to file a response to the defendant's responses to their assertions. Thus, although the plaintiffs had not shown that they were entitled to summary judgment, this outcome is not necessarily the basis for entry of summary judgment against them. This is particularly true where the reasons leading to the denial of their motions are formal: because the plaintiffs were unable to establish dispositive facts due to the problems with the underlying record, no dispositive facts emerged. If the parties' assertions associated only with the plaintiff's rule 56(h) statement had actually and affirmatively created a body of facts, then the entry of an actual judgment might be warranted, even in the absence of a cross-motion. The instant situation is materially different, however, and in the circumstances of this case, it is one where entry of summary judgment for the non-moving party is not "appropriate," as rule 56(c) requires as a predicate to such an order.

Such a bar, however, would not arise where the non-moving party's opposition to a summary judgment motion includes a statement of *additional* material facts as rule 56(h)(2) allows. Unlike the portion of the non-moving party's opposing statement of material fact that is directly responsive (paragraph by paragraph, *see* M.R.Civ.P. 56(h)(2)) to the movant's rule 56(h)(1) statement, the movant is permitted to respond to the opposing party's statement of additional material facts. *See* M.R.Civ.P. 56(h)(3). Therefore, the movant has the opportunity to develop a record and submit factual assertions in response to this latter portion of the motion opponent's submission. And consequently, the summary judgment process does not curtail the movant's opportunity to respond to issues raised by the adverse party in its statement of additional material

2

facts. This, in turn, makes it more "appropriate," *see* M.R.Civ.P. 56(c) for the court to consider whether the non-moving party is entitled to a favorable summary judgment. For the reasons set out previously in this order, however, that issue should be settled exclusively on the record created by the non-moving party in its statement of additional material fact and on the moving party's rule 56(h)(3) statement.

Here, that limited record does not demonstrate that the defendant at bar is entitled to judgment as a matter of law. The core of the defendant's position is that neither plaintiff relied on a representation that the property was free of hazardous materials and that it was not the site of underground storage tanks. [1] *See, e.g.,* Defendant's Statement of Additional Material Facts (DSAMF) at ¶¶ 4, 14.[1] The plaintiffs controvert these assertions. *See* Plaintiffs' Reply Statement of Material Facts at ¶¶ 4, 14. By controverting the defendant's assertion, the plaintiffs do not run afoul of *Zip Lube, Inc. v. Coastal Savings Bank*, 1998 ME 81, 709 A.2d 733, because the record is sufficient to create a factual contention that although the plaintiffs may not have relied on the seller's affidavit directly (in fact, the defendant executed the affidavit the day after the conveyance), they relied on the process that their attorney followed while representing their interests in the transaction. As part of that process, the plaintiffs' attorney provided the defendant with the affidavit that includes the representation underlying the plaintiffs' claims here.

The record does not appear to establish clearly when counsel did so. In their reply memorandum, the plaintiffs contend that the attorney sent the form affidavit to the defendant prior to the closing. *See* Plaintiffs' Reply Memorandum in Support of Its [sic] Motion for Summary Judgment at p. 6. The court was unable to find support for this proposition in the statements of material fact that may be considered here. Rather, it appears that the record is silent on this question, leaving the record open to the possibility

---

[1] The defendant attempts to establish this point in part with deposition testimony from the plaintiffs' attorney in the transaction that he (the attorney) and plaintiff Mark Arsenault "understood" that the defendant made no warranties about the condition of the premises. *See* DSAMF ¶ 1. Because the defendant's statement of additional material facts does not establish the basis for the attorney's belief, the court does not attach weight to it. Rather, the court examines the sufficiency of the record based on information tied more directly and competently to the plaintiffs. *See, e.g.,* DSAMF ¶¶ 4, 14.

that the attorney *may* have provided the form affidavit to the defendant prior to the closing. This factual ambiguity works against the defendant, because it allows the plaintiffs to argue that the attorney did send the form affidavit to the defendant prior to the closing and that the absence of any objection to the contents of the form could be construed by the plaintiffs as a signal that the premises were not affected by environmental contamination. The record is sufficient to support a factual argument that the plaintiffs' attorney was entitled to infer that the defendant was not affirmatively rejecting the representations proposed in the form affidavit and that, because no such quarrel was conveyed to the plaintiffs, the plaintiffs proceeded with the transaction.

The defendant's statement of additional material facts contains other evidence to the contrary. *See, e.g.,* DSAMF at ¶ 3. However, the purpose of the summary judgment analysis is to determine whether or not there exist genuine issues of material facts. *Cottle Enterprises, Inc. v. Town of Farmington*, 1997 ME 78, ¶ 11, 693 A.2d 330, 334 (motion for summary judgment does not trigger an assessment of the weight of evidence). When the record is delineated in the way described in this order, the court is satisfied that at the least, there is a factual basis for the plaintiffs to argue that they relied on the defendant's failure to affirmatively raise any issue about the environmental condition of the premises, because their attorney may have expected that the defendant would execute a document that would include representations about that condition.

None of the other arguments advanced by the defendant establish its entitlement to summary judgment.

The entry shall be:

For the foregoing reasons, the plaintiff's motion to amend or alter the judgment is granted. The court vacates that part of the order dated July 16, 2004, ordering the entry of summary judgment for the defendant and awarding the defendant its costs of courts. This case shall be restored to the trial list and included on the trial schedule of December 27-30, 2004, and January 24-27, 2005. Unless counsel request a trial management conference, the TMC order dated April 30, 2004, shall control subsequent proceedings.

Dated: November 30, 2004

_____
Justice, Maine Superior Court

4